**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| ELAINE JACKSON, individually and as next friend of CHEIKH JACKSON and OKOFO JACKSON, and DEWAYNE CHARLESTON, | § § § § § | |
| Plaintiffs, | § § | |
| VS. | § § | CIVIL ACTION NO. H-07-3086 |
| WALLER INDEPENDENT SCHOOL DISTRICT, | § § § § | |
| Defendant. | § | |

**MEMORANDUM AND ORDER ON
PLAINTIFFS' MOTION FOR CONTINUANCE**

**I.   Background**

This case arose out of challenges to the validity of school bonds approved by voters in a May 12, 2007 election in the Waller Independent School District ("WISD"). On March 24, 2008, this court dismissed the plaintiffs' challenges to the bonds' validity, based on preclusion and on *Rooker-Feldman* resulting from the judgment in a state-court bond-validation proceeding. (Docket Entry No. 22). On June 27, 2008, this court issued a memorandum and opinion denying the plaintiffs' motion for reconsideration of that ruling. The opinion clarified that the state-court judgment in the bond-validation proceeding did not limit the plaintiffs' ability to litigate in this federal case "their claims that the WISD violates federal equal protection and other rights, including under 20 U.S.C. § 1706, because the

district provides 'unequal educational opportunities for minority students in and around the City of Prairie View,' provides 'unequal distribution of bond funds to Jones Elementary,' and because 'facilities in Prairie View are inferior to those found elsewhere in the district.' And the state-court bond-validation proceeding judgment does not limit the plaintiffs' pursuit of the claims they raised in the third amended complaint, challenging the constitutionality of at-large voting for school board trustees and other aspects of school board elections and governance." (Docket Entry No. 52, at 37–38).

The WISD has moved for summary judgment on the plaintiffs' remaining claims. In response to the plaintiffs' supplemental brief opposing the summary judgment motion, the WISD argued that its "decision not to make more extensive capital improvements to Jones is especially sound given that the Jones property is leased from the . . . Texas A&M System and has only five months remaining on a five year lease." (Docket Entry No. 60, at 8). This argument was based on the statement by Richard T. McReavy, WISD Superintendent, in his March 25, 2009 declaration, that "the school district does not own the property at Jones; it is leased from the Texas A&M System and has 5 months left of a 5 year lease. In my judgment as Superintendent of Waller ISD, extensive new capital improvements on a short-term leased property are not practical." (*Id.*, Ex. A at ¶ 16). On March 27, 2009, the plaintiffs' counsel asked the WISD's counsel whether that response meant that "Waller ISD is planning to close Jones in about five months. Is that right?" (Docket Entry No. 59, Ex. 1). The WISD's counsel responded, "You misread it. No plans to close Jones." (*Id.*). The

plaintiffs' counsel then pointed out that Dr. McReavy had previously agreed with the lessor, the Texas A&M system, that the Jones lease would continue "for many years to come." The plaintiffs' counsel argued that the WISD's position and McReavy's declaration were misleading and that the WISD's counsel had a "duty to explain this to the court." (*Id.*).

The plaintiffs have moved to delay this court's ruling on the defendants' summary judgment motion for at least 60 days to permit discovery into whether the WISD and McReavy attempted to mislead this court and whether sanctions should issue. (Docket Entry No. 59). The plaintiffs assert that the WISD "clearly tried to create the false impression that it would lose possession of the Jones facility before the start of the next school year." (*Id.*, at 2). According to the plaintiffs, the WISD always intended to renew the lease for the Jones Elementary property, as had been done in the past, but used the short lease term as a basis to argue that it is "justified in spending millions on facilities in predominantly white parts of the district versus a pittance on the single predominantly black campus." (*Id.*). The plaintiffs submitted the declaration of Frank Jackson, Mayor of Prairie View, in which he stated that A & M University has "for many years told the school district it can extend the lease of the property for as long as it wishes." (Docket Entry No. 59, Ex. B). The plaintiffs ask this court to order the WISD and its counsel to produce, for *in camera* review, "documents related to the drafting of [McReavy's] declaration," (Docket Entry No. 61, at 4), and "any evidence, e.g., e-mail correspondence, concerning Paragraph 16 of Mr. McReavy's declaration." (Docket Entry No. 59, at 4). The plaintiffs assert that the *in camera* review may reveal

3

evidence to establish that the crime-fraud exception to the attorney-client privilege applies. (*Id.*). According to the plaintiffs, the WISD's "[c]ounsel's near-immediate reply, the content of the reply, and the refusal to correct the misleading statements in the Response support a good-faith belief that counsel was aware of Mr. McReavy's attempt to deceive the court at the time the Response was filed." (*Id.*).

The WISD responded by asserting that neither its response to the plaintiffs' supplemental brief nor McReavy's declaration was misleading. (Docket Entry No. 60). The WISD pointed out that it made the same argument about the wisdom of making extensive improvements to a short-term leased property in September 2007 in the state-court bond-validation proceeding. (*See* Docket Entry No. 60, Ex. B, Trial Brief, at 14) ("Further, the school district does not own the property at Jones; it is leased from Prairie View A&M and has three years left of a 5 year lease. Extensive new capital improvements on a short-term leased property are not practical."). The WISD asserted that McReavy's statement – that, in his judgment, it is not practical to make extensive new capital improvements on property that the school district uses under a short-term lease – does not mean that WISD had plans to close Jones Elementary at the end of the lease term. (*Id.*, at 4). Instead, the WISD argues that the short-term lease for Jones Elementary was one of several "rational bases" for the decision not to spend additional bond money on the Jones Elementary facilities. (*Id.*). In response to the plaintiffs' motion for a 60-day continuance, McReavy submitted another declaration in which he stated: "It has always been my intent to keep Jones open and

4

operational, and I certainly did not intend to suggest otherwise in my prior declaration." (Docket Entry No. 60, Ex. A). According to McReavy's declaration, there are "sound business reasons" why the WISD would not undertake capital improvements at Jones Elementary. Under the WISD's lease with Texas A&M, any permanent improvements to the facilities at Jones Elementary would become the property of Texas A&M. (*Id*., Ex. A at ¶ 4). McReavy stated that spending substantial funds on improvements "could complicate renewal negotiations" for the lease, and there is always a risk that Texas A&M could refuse to renew. (*Id.*). When McReavy submitted his first declaration in March 2009, the WISD expected the lease to be renewed in August 2009 but had not yet received a response from A&M. In April 2009, the WISD received a draft renewed lease from A&M. (*Id.*).

## II.     Analysis

### A.     The WISD's Motion to Strike

The WISD has moved to strike the plaintiffs' motion for continuance as a "frivolous, scandalous, and baseless attack on the integrity of WISD and its counsel." (Docket Entry No. 60, at 7). The motion to strike is denied. The plaintiffs moved for a continuance to conduct discovery based on the WISD's response to questions about the Jones Elementary lease and McReavy's declaration. That response, and the declaration of Frank Jackson, showed that despite the short lease term, it had been renewed repeatedly and that the WISD intended to continue to seek its renewal in the future. There is no basis to conclude that the plaintiffs' motion was baseless, frivolous, or filed in bad faith.

### B.     The Plaintiffs' Motion for Continuance

The record does not support granting a continuance to conduct discovery into the statements made by McReavy or the WISD about the short-term lease for Jones Elementary. The motion is not based on an argument that the discovery is needed to decide the summary judgment motion. Instead, the discovery is sought in support of filing a motion for sanctions. The record provides this court with sufficient information to decide the summary judgment motion. The record shows that the WISD is using the short-term lease for Jones Elementary as one of the reasons for deciding not to spend more money on improving the school facility. But the record also shows that the lease has been renewed repeatedly, that the WISD intends to continue to renew the lease, that the WISD received a draft renewed lease a month after McReavy's reliance on the short lease term as a basis for the WISD's decision not to spend more money on the property, and that there is no indication of any unwillingness by the lessor to renew the lease indefinitely. This evidence, in the context of the overall record, provides this court with a sufficient basis to evaluate the WISD's stated reasons for refusing to spend more money on Jones Elementary.

The plaintiffs seek a continuance to conduct more discovery into whether sanctions are appropriate. The basis identified for such sanctions is the court's inherent power. Federal courts are empowered to sanction bad-faith conduct occurring during litigation. *Elliott v. Tilton*, 64 F.3d 213, 216 (5th Cir. 1995). The inherent power to sanction "may be exercised only if essential to preserve the authority of the court and the sanction chosen must

employ the least possible power adequate to the end proposed." *Natural Gas Pipeline of Am. v. Energy Gathering Inc.*, 86 F.3d 464, 467 (5th Cir. 1996) (citations omitted). Under Rule 26(b)(1), a party is entitled to discovery on any nonprivileged matter relevant to a claim or defense in the case. The court may also, for good cause, permit discovery on any matter "relevant to the subject matter involved in the action." FED. R. CIV. P. 26(b)(1); *see also Siesta Village Market*, *LLC v. Perry*, 2007 WL 1660791, at *1 (N.D. Tex. June 06, 2007).

The plaintiffs are not seeking discovery on a nonprivileged matter relevant to a claim or defense and have not met the good-cause standard for obtaining discovery on a matter relevant to the subject matter involved in the action. The record does not provide a sufficient indication that the WISD intended to mislead this court to justify the additional discovery the plaintiffs seek, particularly discovery into attorney-client communications. McReavy's statement in his declaration that in his "judgment" extensive improvements on a short-term leased property are not "practical" does not suggest that the WISD had a plan to allow the lease to lapse without renewal. The fact that this statement about the impracticality of improvements followed McReavy's description of how much time was left on the Jones Elementary lease does not make the statement misleading. According to the WISD, its decision about capital improvements at Jones Elementary was not based on when the lease term ended, but on the facts that the property was leased, not owned, and that the lease had to be renewed at the end of each short term. In the same paragraph of the declaration, McReavy expressly stated that the WISD does not own the property. Moreover, the WISD

7

made a nearly identical argument in September 2007, stating that at that time there were three years remaining on the lease. The plaintiffs do not contend that the WISD's 2007 statement was misleading or calculated to create the impression that the WISD would "lose" the Jones Elementary property in three years. The WISD's reasons for its spending decisions may be challenged as unpersuasive, weak, or pretextual, but that does not make them sanctionable.

The WISD's counsel's "near-immediate reply, the content of the reply, and the refusal to correct the misleading statements" do not provide a basis to believe that counsel intended to deceive the court. The WISD's counsel promptly responded that nothing in McReavy's declaration meant that the WISD had plans to close Jones Elementary when the lease term ended. There is no basis to conduct an *in camera* review of correspondence between WISD and its counsel relating to the drafting of McReavy's declaration.

This court does not rule on the merits of WISD's argument about spending decisions, but merely concludes that McReavy's declaration and WISD's argument based on that declaration were not calculated to mislead this court and would not support a motion for sanctions. The plaintiffs' motion for extension of time to conduct discovery is denied.

SIGNED on May 26, 2009, at Houston, Texas.

_____
Lee H. Rosenthal
United States District Judge